IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DOUGLAS J. JONES,  )
                   )
       Plaintiff,  )
                   )
v.                 )   Case No. CIV-08-131-RAW
                   )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
                   )
       Defendant.  )

## REPORT AND RECOMMENDATION

Plaintiff Douglas J. Jones (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on April 14, 1964 and was 43 years old at the time of the entry of the ALJ's decision. Claimant completed his education through the ninth or tenth grade with special education classes. Claimant has worked in the past as a courtesy vehicle attendant. Claimant alleges an inability to work beginning April 6, 2004 due to organic mood disorder, bipolar disorder, depression, head trauma, hypertension, joint pain in the upper and

3

lower extremities, headaches, and cervical and lumbar degenerative disk and joint disease with radiculitis and chronic pain.

## Procedural History

On April 5, 2005, Claimant protectively filed for disability insurance benefits under Title II and supplemental security income benefits pursuant to Title XVI of the Social Security Act (42 U.S.C. § 1381, *et seq.*). Claimant's application was denied initially and upon reconsideration. On May 31, 2007, a hearing was held before ALJ Jack W. Raines in Fort Worth, Texas. By decision dated August 31, 2007, the ALJ found that Claimant was not disabled during the relevant period. On January 31, 2008, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while certain of Claimant's medical conditions were severe, Claimant did not meet a listing and retained the residual functional capacity to perform his past relevant work as a courtesy vehicle attendant.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to properly evaluate the opinions of the state agency physicians; (2)

4

failing to properly evaluate the opinions of a nurse; and (3) arriving at a legally insufficient and unsupported RFC.

**Agency Physicians' Opinions**

Claimant asserts the ALJ of certain non-examining agency physicians. Specifically, Dr. Margaret Meyer evaluated Claimant in a consultative examination on July 26, 2005 and completed a Mental Residual Functional Capacity Assessment form on Claimant. She concluded Claimant showed marked limitations in his ability to understand and remember detailed instructions and the ability to carry out detailed instructions. Dr. Meyer found moderate limitations in Claimant's ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, ability to work in coordination with or proximity to others without being distracted by them, ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, ability to interact appropriately with the general public, ability to accept instructions and respond appropriately to criticism from supervisors, ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness, and the ability to respond

appropriately to changes in work setting. (Tr. 373-74).

In his decision, the ALJ seemingly accepted Dr. Meyer's statements of limitation, finding they were entitled to "significant probative weight." (Tr. 26). However, in setting out his RFC determination, the ALJ only included mental limitations of no complex instructions or complex decisions and only occasional contact with the general public and supervisors. (Tr. 21). An ALJ cannot accept certain limitations proffered by a non-examining agency physician and rejecting other limitations without explanation. Haga v. Astrue, 482 F.3d 1205, 1207-08 (10th Cir. 2007). In this case, the ALJ never explained his selective acceptance of Dr. Meyer's limitations while giving her opinions probative weight and, therefore, the decision must be reversed and the case remanded for re-evaluation and further explanation.

### Nurse's Opinions

Claimant also contends the ALJ should have considered the opinions of Nurse Thelma Hoehn provided in June of 2005. Nurse Hoehn found Claimant's severe headaches were debilitating. (Tr. 228). She completed a Medical Assessment of Ability to Do Work Related Activities (Physical) on Claimant on February 20, 2006. Nurse Hoehn found significant limitations on Claimant's ability to work. (Tr. 247). In his decision, the ALJ rejected her opinions as being unsupported in the record. (Tr. 25).

An ALJ is obligated to consider and evaluate the opinions of acceptable medical sources, such as nurse practitioners. Soc. Sec. R. 06-03p. In evaluating these opinions, the ALJ must apply the factors such as (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003)(quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ failed to evaluate Nurse Hoehn's opinions under the Watkins factors and provide sufficient justification for the rejection of her medical opinion. On remand, the ALJ shall re-evaluate her opinions under this rubric.

### RFC Evaluation

In light of the deficiencies in evaluating the medical opinion evidence in this case, the ALJ shall re-evaluate the RFC determination made in this case after considering all competent medical evidence, including medical opinions.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings consistent with this Report and Recommendation. The parties are herewith given ten (10) days from the date of the service of these Findings and Recommendations to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendations within ten (10) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 21st day of September, 2009.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE